RECEIVED
2004 APR 27 P 3: 59

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ADAIR, on behalf of himself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CASE NO.: 2:04 cv 406 W |
| NORMENT SECURITY GROUP, INC., ) et al., ) ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant Norment Security Group, Inc. ("Norment"), files this Notice of Removal of the civil action *James Adair, etc. v. Norment Security Group, Inc.*, Civil Action No. CV-04-847, from the Circuit Court of Montgomery County, Alabama, to this Court, whose district and division embraces the Judicial Circuit wherein this action is now pending. Norment timely files this Notice of Removal pursuant to U.S.C. §§ 1441(a) and 1446. As grounds for removal, Norment states:

1. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331.

2. The Complaint states this action is filed "pursuant to §216(b) of the Fair Labor Standards Act." Compl. ¶1. Plaintiff's claim under the Fair Labor Standards Act raises a federal question rendering this case removable. *See Jackson v. Mississippi Farm Bureau Mutual Ins. Co.*, 947 F. Supp. 252, 255 (S.D.Miss. 1996).

3. This Notice of Removal is timely. Norment was served with a copy of the Complaint filed by Plaintiff in the Circuit Court of Montgomery County, Alabama

Case No. CV-04-847 on April 9, 2004.  *See* Summons.  Norment is filing this Notice of Removal within the 30-day period provided for in 28 U.S.C. § 1446(b).

    4.    This Notice of Removal is accompanied by true and correct copies of all service of process and the Complaint filed by Plaintiff.  *See* Exhibit A.

    5.    Pursuant to 28 U.S.C. §1446(d), Norment will file with the Clerk of the Circuit Court of Montgomery County, Alabama, and will serve on counsel for Plaintiff, the Notice of Filing Notice of Removal.  A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

WHEREFORE, Defendant, Norment Security Group, Inc., asks that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law and for such other relief as the Court deems appropriate.

/s/ Bruce J. Downey
_____
Bruce J. Downey, III
Attorney Code:  DOW006

Attorney for Defendant Norment Security Group, Inc.

Of Counsel:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104) - P.O. Box 2069
Montgomery, Alabama  36102-2069
Phone:  (334) 241-8000  Fax:  (334) 323-8888

## Certificate of Service

I hereby certify that I have served a true and correct copy of the above and foregoing upon counsel for plaintiff, by depositing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles, Esq.
Larry A. Golston, Jr., Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P O Box 4160
Montgomery, Alabama 36103-4160

on this the 27th day of April, 2004.

_____
Of Counsel

IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES ADAIR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORMENT SECURITY GROUP, Inc.;<br>NORSHIELD SECURITY PRODUCTS Inc., a division of NORMENT SECURITY GROUP, Inc.;<br>COMPUDYNE CORP.<br>Fictitious Defendants "A", "B", "C", "D", "E", and "F", whether singular or plural, those other persons, firms, corporations or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by Amendment when ascertained,<br><br>Defendant. | Tmh<br><br>CIVIL ACTION NO. CV-04-847 |

## COMPLAINT

COMES NOW the Plaintiff, James Adair, on behalf of himself and all others similarly situated, and files this lawsuit against the Defendants Norment Security Group, Inc., Norshield Security Products, Inc., a division of Norment Security Group, Inc., and CompuDyne Corp. pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendants Norment Security Group, Inc., and Norshield Security Products, Inc., a division of Norment Security Group, Inc., are Alabama corporations conducting business in the State of Alabama.

2. Defendant CompuDyne Corp., is a Maryland corporation conducting business in the State of Alabama. Defendants employ approximately 1,500 employees throughout the United States.

3. Plaintiff James Adair currently resides in Montgomery, County Alabama.

4. At all times material to this action, the Plaintiff, James Adair, was employed by Defendants at its 3224 Mobile Highway Montgomery, Alabama location.

5. This action is brought pursuant to the FLSA, 29 U.S.C §201 et seq. and specifically the collection action provision of the Act found at Section 216(b), to remedy violations of the wage provisions of the FLSA by Defendants which have deprived Plaintiff of lawful wages.

6. This action is brought to recover unpaid compensation, in the form of sale, incentives, commissions, bonuses, vacation and sick time, owed to Plaintiff pursuant to FLSA. For at least three years prior to filing this complaint, Defendant has had uniform policy and practice of consistently requiring its employees to work in excess of forty (40) hours per week without paying them overtime compensation. Plaintiff was paid a specified weekly salary. Plaintiff was not paid for all overtime incurred despite the fact that he customarily worked in excess o forty (40) hours per week. The Plaintiff, and all others similarly situated, seek all overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 20 U.S.C. §216(b).

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Circuit Court of Montgomery, Alabama under 28 U.S.C §1391(b).

8. Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

9. At all times material to this action, Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

10. At all times relevant to this action, Defendants were an "employer" of Plaintiff as defined by §203(d) of the FLSA.

11. At all times material to this action, the Plaintiff was an "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

12. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendants, Plaintiff, and all others similarly situated, that were covered by §§206 and 207 of the FLSA while she was employed by Defendants.

13. At all times relevant to this action, Defendants employed Plaintiff, and all others similarly situated.

14. The services performed by Plaintiff, and all others similarly situated, was a necessary and integral part of and directly essential to Defendants' business.

15. The Plaintiff, and all others similarly situated, were required to perform manufacturing duties without compensation, commission and/or bonuses.

16. Defendants have intentionally failed and/or refused to pay the Plaintiff, and all others similarly situated, according to the provisions of the FLSA.

17. The systems, practices and duties of the Plaintiff, and all others similarly situated

have existed for at least three years throughout the Defendants' business.

18. For at least three years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employees with sales incentives, commission, overtime compensation, bonuses, vacation and sick time. Despite this knowledge, the Defendants have failed to pay its employees the mandatory lawful incentives, commission, overtime compensation, bonuses, vacation and sick time to conform the duties of these employees to the requirements of the FLSA.

19. Defendants have intentionally and repeatedly misrepresented the true status of compensation to its employees as well as their entitlement to incentives, commission, bonuses, overtime compensation, vacation and sick time in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. Plaintiff, and all others similarly situated, relied upon these misrepresentations by Defendants and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

20. As a result of the actions of Defendants in fraudulently concealing the true status of its employees when performing their duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendants are estopped from raising such statue of limitations as a bar.

21. Defendants have further engaged in widespread pattern and practice of violating

4

the provisions of FLSA by failing to pay Plaintiff and other similarly situated employees and former employees in accordance with §207 of the FLSA.

22. As a result of Defendant's violations of the FLSA, the Plaintiff and all others similarly situated have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

23. In addition to the amount of unpaid wages and benefits owing to the Plaintiff and all others similarly situated, they are also entitled to recover an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

24. Defendants' actions in failing to compensate the Plaintiff and former employees, in violation of the FLSA, was willful.

25. Defendants have not made a good faith effort to comply with the FLSA.

26. The Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, the Plaintiff pursuant to §216(b) of the FLSA, prays for the following relief:

1. The Plaintiff, and all others similarly situated, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2. Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and

3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which the Plaintiff and/or the class may be entitled.

4. Plaintiff further demands a struck jury to try the issues raised in this matter.

_____
JERE L. BEASLEY (BEA020)


_____
W. DANIEL "DEE" MILES, III (MIL060)


_____
LARRY A. GOLSTON (GOL029)
Attorney for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone No. (334) 269-2343
Fax No. (334) 954-7555


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CASE.**

_____
Of Counsel

IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES ADAIR, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO.: CV-04-847<br>) |
| NORMENT SECURITY GROUP, INC., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## NORMENT SECURITY GROUP, INC.'S
## NOTICE OF FILING NOTICE OF REMOVAL

Defendant, Norment Security Group, Inc., pursuant to 28 U.S.C. §1446(d), hereby gives notice of the filing in the United States District Court for the Middle District of Alabama of a Notice of Removal of this action to that Court. A copy of such Notice is attached hereto, and copies thereof have been served separately on all parties to this action.

                                               _____
                                               Bruce J. Downey, III
                                               Attorney Code:  DOW006

                                               Attorney for Defendant Norment Security
                                               Group, Inc.

Of Counsel:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104) - P.O. Box 2069
Montgomery, Alabama  36102-2069
Phone:  (334) 241-8000  Fax:  (334) 323-8888



EXHIBIT B

## Certificate of Service

I hereby certify that I have served a true and correct copy of the above and foregoing upon counsel for plaintiff, by depositing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles, Esq.
Larry A. Golston, Jr., Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P O Box 4160
Montgomery, Alabama  36103-4160

on this the 27th day of April, 2004.

_____
Of Counsel