THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ADAIR, JOE BROWN, ROBERT TAYLOR, JAMES SMITH, LAMAR WARD, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>NORMENT SECURITY GROUP, Inc.; NORSHIELD SECURITY PRODUCTS Inc., a divison of NORMENT SECURITY GROUP, Inc.; COMPUDYNE CORP. )<br><br>Defendants. ) | CIVIL ACTION FILE NO. :<br>2:04cv406F |

### JOINT STIPULATION AND ORDER OF CONFIDENTIALITY

This cause coming before the Court pursuant to the agreement of Plaintiffs JAMES ADAIR, JOE BROWN, ROBERT TAYLOR, JAMES SMITH, LAMAR WARD, on behalf of himself and all others similarly situtated ("Plaintiffs") and Defendants NORMENT SECURITY GROUP, INC., NORSHIELD SECURITY PRODUCTS INC., a division of NORMENT SECURITY GROUP, INC., and COMPUDYNE CORP. ("Defendants"), and the Court being advised that:

    (a)    the production by the parties of certain documents and information which relate to the above-captioned case may be required in response to various requests for production and subpoenas served in this action; and

    (b)    the documents and certain information required to be

1

produced include sensitive personnel, financial, or competitive information and materials that the producing party maintains are proprietary and/or confidential, including but not limited to current and former employees' personnel files, Defendant's payroll files and Defendant's Human Resource files.

And for good cause shown, **IT IS THEREFORE ORDERED:**

1. After receiving documents bearing the stamped designation "Confidential," any party opposing such a designation shall indicate, in writing to the designating party, their opposition to said designation in writing within fifteen (15) days after receiving said documents. If no such written notice is provided, upon the expiration of fifteen (15) days immediately following the production, said documents bearing the stamped designation "Confidential" shall be treated as confidential. It is agreed that if notice of opposition is provided in the manner described above, the party desiring to designate documents as "Confidential" shall, on motion and for good cause shown, move to have the Court make a determination whether the documents are of such a proprietary and/or confidential nature that protection under this Order is warranted. Within fifteen (15) days after the filing of any such motion, the party opposing the motion shall file a response setting forth its reasons why the motion should not be granted.

2. Any documents which may be produced by a party that bear the stamped designation "Confidential" shall be treated as confidential until the Court decides otherwise, or except as otherwise provided herein. It is agreed that at the trial of this case

any documents so designated and submitted to the trier of fact shall not bear the stamped designation "Confidential."

      3.      The parties may, within fifteen (15) days after receiving a copy of the deposition transcript, designate deposition testimony or portions thereof as "Confidential." Until the expiration of the fifteen (15) day period, the entire deposition transcript and exhibits thereto shall be treated as "Confidential." Should any deposition transcript, deposition testimony, or portions thereof be designated "Confidential," said designations shall be governed by the guidelines set forth in paragraph number 1 above pertaining to documents designated as "Confidential."

      4.      Access to documents designated "Confidential" and copies thereof, or the information contained therein, shall be limited to the following:

        a.    Counsel of record and their secretarial and legal assistants actively engaged in this proceeding;

        b.    Plaintiffs and Defendants; and

        c.    Witnesses to whom counsel in good faith deems necessary to make such disclosure.

The individuals to whom documents are to be disclosed shall be provided with a copy of this Protective Order, asked to review and sign it, and shall be bound by its terms to the same extent as counsel of record and their secretarial and paralegal assistants.

All "Confidential" documents and copies, or the information contained therein, shall not be disclosed to any person, except as provided herein, unless either an order permitting declassification of the documents or information shall have been entered by the Court upon reasonable notice, or there is express written agreement of counsel.

The "Confidential" documents and copies of the information contained therein shall be used solely in connection with this proceeding and for no other purpose. In addition, the documents designated "Confidential" shall be subject to the provisions of Paragraph 5 hereof.

5. Solely for the purposes of this action, Plaintiffs and Defendants may disclose said "Confidential" documents and copies, or the information contained therein, to persons who are independent expert witnesses or prospective independent expert witnesses in this action, and to independently retained person required by counsel to furnish technical or expert services or to give expert opinion testimony with respect to the subject matter thereof for the trial of this action. Counsel shall provide to each independently retained expert or other individual to whom disclosure is being made a copy of this Protective Order, and prior to disclosure being made, each such person shall agree to comply with and be bound by its terms unless and until modified by further order of this Court.

6. No designated person, witness, or counsel shall make any permanent copies of documents covered by this Protective Order, or information contained therein, for any use in their business or personal affairs or any other litigation or case. No "Confidential" documents, copies thereof, or any information contained herein, shall be used for any purpose, other than the preparation and conduct of the trial in the above-captioned lawsuit.

7. After the termination of this action, the parties shall collect all copies of all "Confidential" documents covered by this Protective Order, including copies entrusted to any associates, assistants or employees of counsel, expert witnesses, prospective expert

witnesses, designated persons or to any other person to whom disclosure has been made pursuant to this Protective Order, and shall forthwith return the same to counsel for the parties producing said confidential documents, provide an explanation of any copies not retrieved, or destroy the documents and certify that fact in writing to non-producing party's counsel.

8. Nothing herein shall proscribe Plaintiffs or Defendants, upon due notice and motion to the Court: (i) from seeking to challenge the admissibility of a document or information or the designation of such document or information as "Confidential"; or (ii) from seeking leave to disclose documents or information designated as "Confidential" to an individual or individual(s) to whom such disclosure is not otherwise permitted under the terms of this Protective Order.

8. Nothing herein shall be construed as a waiver of any attorney-client or other privilege claimed or asserted by Plaintiffs or Defendants with respect to any document covered by this Protective Order or the right of any party to challenge the assertion of such privilege.

SO ORDERED this _____ day of _____, 2005.

_____
U.S. District Judge

CONSENTED TO AND AGREED:

By /s/ Larry A. Golston Jr.                    By /s/ Brett C. Bartlett

Jere L. Beasley, Esq.                          Seyfarth Shaw LLP
W. Daniel "Dee" Miles, Esq.                    John W. Powers
Larry A. Golston, Jr., Esq.                    jwpowers@seyfarth.com

5

| | |
|---|---|
| BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C. 272 Commerce Street, Post Office Box 4160 Montgomery, Alabama 36103-4160<br><br>Attorneys for Plaintiffs | Illinois Bar No. 02244969 55 East Monroe St. Suite 4200 Chicago, IL 60603 Ph: 312/269-8894 Fax: 312/269-8869 Brett C. Bartlett bbartlett@seyfarth.com Georgia Bar No. 040510 SEYFARTH SHAW LLP One Peachtree Pointe 1545 Peachtree Street – Suite 700 Atlanta, GA 30309-2401 Telephone: (404) 885-1500 Facsimile: (404) 892-7056<br><br>Bruce Downey Attorney Code: DOW006 bjd@chlaw.com CAPELL & HOWARD, P.C. 150 South Perry Street Montgomery, Alabama 36102 Telephone: (334) 241-8000 Facsimile: (334)323-8888<br><br>Attorneys for Defendants |

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 11, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties receiving electronic means.

                                                By:    /s/ Larry A. Golston Jr.
                                                           Larry A. Golston,

Brett C. Bartlett
bbartlett@seyfarth.com
Georgia Bar No. 040510
SEYFARTH SHAW LLP
One Peachtree Pointe
1545 Peachtree Street – Suite 700
Atlanta, GA 30309-2401
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Bruce Downey
Attorney Code: DOW006
bjd@chlaw.com
CAPELL & HOWARD, P.C.
150 South Perry Street
Montgomery, Alabama 36102
Telephone: (334) 241-8000
Facsimile: (334)323-8888
Attorneys for Defendants